# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION |
| | : | No. 14-323-12 |
| SATCHEL JOHNSON | : | |
| | : | |

McHUGH, J.                                                                                                   May 11, 2021

### MEMORANDUM

This is a motion for compassionate release under 18 U.S.C. § 3582.  Mot. Compassionate Release, ECF 1253.  In 2015, Petitioner Satchel Johnson pleaded guilty to conspiracy to distribute 280 grams or more cocaine base, 500 grams or more of cocaine, and a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 846, 841(b)(1), (b)(1)(A), (b)(1)(B), (b)(1)(C), distribution of controlled substances within 1,000 feet of a private university, in violation of 21 U.S.C. § 860(a), and the unlawful use of a communication facility, in violation of 21 U.S.C. § 843(b).  Given his criminal history and the extent of his participation in the conspiracy, he faced a Guideline range of 262 to 327 months. The Government and defense negotiated a sentence of 150 months, which I approved, and has served approximately 90 months. [1]  Having properly exhausted his remedies, he now seeks early release due to his medical circumstances in light of the COVID-19 pandemic.  For the reasons stated below, the motion will be denied.

The statute requires "extraordinary and compelling reasons" in order to grant release.

---

[1] Eleven of those months represent credit for good conduct.  Govt. Resp. Opp'n Memo. 2, ECF 1288.

18 U.S.C. § 3582 (c)(1)(A)(i). To satisfy that criteria, Mr. Johnson cites "PTSD, ADHD, and obesity"—along with the fact that he had contracted COVID-19 in late 2020. Mot. Compassionate Relief 1. Although his diagnosis of obesity may, according to the Centers for Disease Control and Treatment ("CDC"), lead to an increased risk of severe cases of COVID-19, his level of obesity is mild.[2] ECF. Moreover, he is only thirty-four years old. Resp. Opp'n Memo. 3, ECF 1288. According to the CDC, "more than 95% of COVID deaths occur in people older than 45."[3] *See United States v. Whiteman*, No. CR 15-00298, 2020 WL 4284619, at *1 (E.D. Pa. July 27, 2020) ("Given Whiteman's relative youth . . . and his lack of other risk factors, his obesity and high blood pressure fall short of presenting an extraordinary and compelling reason for his release"). And Mr. Johnson has already recovered from COVID-19, seemingly without experiencing the type of severe illness that would require inpatient care, ventilation, intubation, or critical care intervention.[4] Govt. Resp. Opp'n Memo. 5; Medical Records, Ex. A, at 17, ECF 1293.

In addition, the Government has provided medical records showing that Mr. Johnson was offered the Moderna vaccine on March 16, 2021, which the Food and Drug Administration

---

[2] Mr. Johnson's BMI is 32.9, the lowest level of obesity that the CDC has determined may lead to increased risk of severe illness resulting from COVID-19. Resp. Opp'n Memo. 3, ECF 1288. Within a category of three classes, and with Class III being the most severe, Mr. Johnson's BMI falls into Class I, the category of lowest severity. CENTERS FOR DISEASE CONTROL AND PREVENTION, DEFINING ADULT OVERWEIGHT AND OBESITY, https://www.cdc.gov/obesity/adult/defining.html.

[3] CENTERS FOR DISEASE CONTROL AND PREVENTION, PEOPLE WITH CERTAIN MEDICAL CONDITIONS, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

[4] According to the Government, Mr. Johnson had only mild symptoms. Govt. Resp. 3. Mr. Johnson's medical reports reflect both a cough and body aches in November 2020. Govt. Resp., Ex. A, at 2, 17.

recognize as highly effective,[5] but that he declined it, apparently without any medical justification. Govt. Resp. Opp'n Memo. 3; *see* Medical Records, Ex. A, at 22, 32. I am not prepared to hold that declining the vaccine necessarily requires that compassionate release be denied, as the Government urges. Nonetheless, Mr. Johnson's refusal of a measure that would increase his immunity drastically must play a significant role in my analysis of whether he is entitled to relief, absent a persuasive explanation for his refusal.

Mr. Johnson's fears about the pandemic are understandable—this Court is aware of the fluctuating situation at FCI Allenwood Medium, and that, as of late 2020, outbreaks affected a large portion of the prison's population—even though at this point, there are no active cases amongst inmates.[6] Resp. Opp'n Memo. 5, ECF 48. And I have previously detailed the comprehensive steps being taken by the Bureau of Prisons to combat COVID. *See United States v. Robinson,* 466 F. Supp. 3d 524 (E.D. Pa. 2020). Having reviewed multiple decisions from many district judges, Mr. Johnson's case falls well outside the matrix where petitioners presented "extraordinary and compelling reasons" for compassionate release.

Even when a defendant shows extraordinary and compelling reasons for release, courts must consider the factors set forth in 18 U.S.C. § 3553(a) to determine whether early release is merited. See 18 U.S.C. § 3582(c)(1)(A). Those factors include "the nature and circumstances of the offense and the history and characteristics of the defendant;" "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense . . . to afford adequate deterrence to criminal conduct . . .

---

[5] FOOD AND DRUG ADMINISTRATION EMERGENCY USE AUTHORIZATION (EUA) FOR AN UNAPPROVED PRODUCT REVIEW MEMORANDUM, 55, https://www.fda.gov/media/144673/download.

[6] FEDERAL BUREAU OF PRISONS, COVID-19, https://www.bop.gov/coronavirus/ (last visited May 10, 2021).

[and] to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1)-(2). Mr. Johnson offenses are serious—they involve a conspiracy to distribute large quantities of crack and cocaine, including sales near a university. He has served little more than half of his negotiated sentence. Moreover, his conviction in this matter followed numerous other felony drug convictions. Govt. Resp. Opp'n Memo. 25 (citing PSR ¶¶ 116-118).

Given the seriousness of his crimes, the need to impose appropriate punishment, and the need to deter him from future criminal conduct, and considering his current medical condition and option to increase his immunity against COVID, his release cannot be justified on the record as it now stands.

For these reasons, the motion will be denied.

    /s/ Gerald Austin McHugh
United States District Judge