IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **CRIMINAL ACTION** |
| | : | No. 14-323-12 |
| **SATCHEL JOHNSON** | : | |
| | : | |

McHUGH, J.                                                                                    September 29, 2023

**<u>MEMORANDUM</u>**

      This is a motion for compassionate release under 18 U.S.C. § 3582.  ECF 1400.  In 2015, Petitioner Satchel Johnson pleaded guilty to conspiracy to distribute 280 grams or more cocaine base, 500 grams or more of cocaine, and a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 846, 841(b)(1), (b)(1)(A), (b)(1)(B), (b)(1)(C), distribution of controlled substances within 1,000 feet of a private university, in violation of 21 U.S.C. § 860(a), and the unlawful use of a communication facility, in violation of 21 U.S.C. § 843(b). Given his criminal history and the extent of his participation in the conspiracy, he faced a Guideline range of 262 to 327 months. The Government and defense negotiated a sentence of 150 months, which I approved, and has served approximately 118 months. Because of credit for good behavior, his release date is currently estimated as June 16, 2024.

      I previously denied his motion based on the threat posed by the COVID virus.  ECF 1323.  He now returns, asserting good behavior while imprisoned and changes in Department of Justice policy as providing grounds for relief.

The statute requires "extraordinary and compelling reasons" to grant release. 18 U.S.C. § 3582 (c)(1)(A)(i).  Mr. Johnson first cites the credit he has earned as a result of his good conduct while imprisoned, contending that he would be eligible for "immediate release" if this motion is granted.  He is to be commended for that achievement and will benefit from reduced time in prison as a result, but that does not provide a sufficiently compelling reason to grant the motion.

Mr. Johnson also alludes to his being subject to a state retainer, but the details of that are unknown to this Court, and in any event, I cannot predict how state authorities will proceed upon his release from federal custody.

He next cites changes in the DOJ policy regarding charges in crack cocaine cases, but I agree with the Government that this rests within its prosecutorial discretion and cannot be deemed to create a retroactive legal right for a sentenced defendant.  Nor can the Department's support for the proposed EQUAL Act create such a right.  In that regard, although changes in DOJ policies may be a relevant consideration in some circumstances, courts should exercise careful judgment and restraint in applying them retroactively lest the Department be inhibited from considering worthy changes going forward.

In exercising my judgment here, I place great weight on the accommodations made for Mr. Johnson at the time of sentencing, despite the seriousness of his offenses and his criminal history. Presentence Investigation Report, ¶¶ 116-118. Courts must consider the factors set forth in 18 U.S.C. § 3553(a) in determining whether to grant early release.  See 18 U.S.C. § 3582(c)(1)(A).  Those factors include "the nature and circumstances of the offense and the history and characteristics of the defendant;" "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the

offense . . . to afford adequate deterrence to criminal conduct . . . [and] to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1)-(2).  Mr. Johnson offenses are serious—they involve a conspiracy to distribute large quantities of crack and cocaine, including sales near a university.  He nonetheless received an original sentence well below the Guideline range.

Given the seriousness of his crimes, the need to impose appropriate punishment, and the need to deter him from future criminal conduct, the arguments he now makes do not warrant additional relief.

For these reasons, the motion will be denied.

    /s/ Gerald Austin McHugh
United States District Judge